**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. CR-22-00239-JD
)
DANIEL OCHOA and )
KEVIN EARL TOOKS, )
)
Defendants. )

**ORDER**

Defendants Daniel Ochoa and Kevin Earl Tooks are charged, along with two other co-defendants, in a two-count Indictment [Doc. No. 34] with Drug Conspiracy in violation of 21 U.S.C. § 846 and Possession of Fentanyl with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). In connection with Count 2, the Indictment also alleges the aiding and abetting statute, 18 U.S.C. § 2.

In their Joint Motion to Dismiss [Doc. No. 176], Defendants Daniel Ochoa and Kevin Earl Tooks argue that the Indictment should be dismissed. The government responded in opposition [Doc. No. 184]. Upon consideration, the Court denies the Motion.

**STANDARD OF DECISION**

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant may challenge an indictment before trial where a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (citations omitted).

"Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence," and "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citations omitted).

A very narrow exception to this rule applies only when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *Id.* at 1068 (emphasis omitted) (citation omitted). "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the defendant could not have committed the offense for which he was indicted." *Id.*

Federal Rule of Criminal Procedure 7(c) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Further, as to "each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

An indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.'"

*United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991) (quoting *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir. 1989)). "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gama–Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (citation omitted).

**DISCUSSION**

Much of Defendants' Motion is devoted to arguing that the government has insufficient evidence to support the charged offenses.[1] But Defendants make no attempt to point to undisputed facts that establish, as a matter of law, that the government is incapable of proving Count 1 or Count 2. Thus, Defendants have not shown that their fact-based arguments are defenses that may be resolved by ruling on a pretrial motion. *See* Fed. R. Crim. P. 12(b)(3). The Court will reserve ruling on the sufficiency of the government's evidence to sustain convictions under Count 1 and Count 2 for a later time,

[1] Specifically, Defendants argue that the government lacks evidence to show that Defendants:

- possessed any of the contraband recovered in this case,
- held title or other possessory interests to the vehicle in which the fentanyl pills were stored,
- intended to distribute any controlled substances,
- had even constructive possession of the drugs,
- were aware the travel plans of their co-defendants,
- had knowledge that their co-defendants were transporting illegal drugs,
- were aware of the type and amount of illegal drugs their co-defendants were transporting or what their plans were with the drugs,
- acted knowingly or intentionally, or
- had dominion and control over the drugs.

[Doc. No. 176] at 2–4, 8–10.

if necessary. What the Court can address at this time are the arguments made by Defendants that the Indictment is deficient on its face.

Defendants argue that they are unable to ascertain from the face of the Indictment the nature of the case against them and that the Indictment does not present sufficient information to establish that they willfully and knowingly agreed to commit the crimes charged or possessed fentanyl with intent to distribute. Specifically, Defendants argue that the Indictment fails to allege anything to show that Defendants:

- agreed to enter a drug conspiracy,
- possessed with intent to distribute, distributed, or stored any drugs or participated in any drug transaction,
- had a unity of purpose or a common design and understanding with any alleged coconspirator,
- had interdependence with each other and any other alleged coconspirator,
- entered into a drug conspiracy to share a common benefit, and
- knew the essential objective of the alleged conspiracy or that they meant to act with anyone for shared mutual benefit.

[Doc. No. 176] at 2–4.

As for Count 1 of the Indictment, "[t]o prove a conspiracy in violation of 21 U.S.C. § 846, '[t]he government must prove beyond a reasonable doubt (1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators.'" *United States v. Otuonye*, 995 F.3d 1191, 1210 (10th Cir. 2021) (quoting *United States v. Dozal*, 173 F.3d 787, 797 (10th Cir. 1999)). The Indictment alleges in Count 1 that:

> On or about May 17, 2022, within the Western District of Oklahoma and elsewhere, Ambrocio Arroyo, Destiny Ruby Lopez, Daniel Ochoa, and

> Kevin Earl Tooks knowingly and intentionally conspired, combined, confederated, and agreed with each other and with others, both known and unknown to the Grand Jury, to interdependently possess with intent to distribute and to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation of Title 21, United States Code, Section 846, the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A).

[Doc. No. 34] at 1–2.

Regarding Count 2 of the Indictment, to prove Possession of Fentanyl with Intent to Distribute in violation of § 841(a)(1), the government mush show "(1) the defendant[s] knowingly possessed the illegal drug; and (2) the defendant[s] possessed the drug with the specific intent to distribute it." *United States v. Fernandez*, 24 F.4th 1321, 1326–27 (10th Cir. 2022) (citation omitted). The Indictment alleges in Count 2 that:

> On or about May 17, 2022, in the Western District of Oklahoma, Ambrocio Arroyo, Destiny Ruby Lopez, Daniel Ochoa, and Kevin Earl Tooks knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance.
>
> All in violation of Title 21, United States Code, Section 841(a)(1), the penalty for which is found at Title 21, United States Code, Section 841(b)(1)(A) and Title 18, United States Code, Section 2.

[Doc. No. 34] at 2.

Count 1 and Count 2 include the date, general location, parties involved, and the essential elements of each offense. The Indictment thus adequately apprises Defendants, putting them on notice of the charges against them and enabling them to assert double jeopardy defenses. This is sufficient and all that is required to state the offenses.

## **CONCLUSION**

Accordingly, Defendants Daniel Ochoa and Kevin Earl Tooks have not shown that the Indictment is facially deficient and should be dismissed. The Court therefore DENIES the Joint Motion to Dismiss [Doc. No. 176].

IT IS SO ORDERED this 25th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE