IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00239-JD |
| ) | |
| ) | |
| KEVIN EARL TOOKS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the government's Rule 404(b) Notice ("Notice") [Doc. No. 205]. The government seeks to admit at trial evidence relating to other crimes or acts committed by Defendant Kevin Earl Tooks under Federal Rule of Evidence 404(b). This evidence consists of text messages regarding alleged drug trafficking that occurred before the alleged conduct underlying the charges in this case. The government attached Cellebrite reports that include these text messages to the Notice. [Doc. Nos. 205-1, 205-2, and 205-3]. Mr. Tooks objects to the admission of this evidence, arguing that it is not offered for a proper purpose, irrelevant, and unfairly prejudicial.

Mr. Tooks is charged, along with three co-defendants, in a two-count Indictment [Doc. No. 34] with Drug Conspiracy in violation of 21 U.S.C. § 846 and Possession of Fentanyl with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). In connection with Count 2, the Indictment also alleges the aiding and abetting statute, 18 U.S.C. § 2.

The government asserts the text messages show that Mr. Tooks "was involved in activity consistent with the large-scale distribution of illicit pills in California," including

by "coordinating with three different people to sell bulk quantities of illicit pills." Notice at 3. Assuming the government can show that the text messages are what the government claims them to be,[1] the Court finds that they are admissible under Rule 404(b). By this Order, the Court resolves only Mr. Tooks' objection to the admission of the text messages under Rule 404(b); any other basis for objection to the admission of this evidence remains for resolution at trial or to be addressed by separate order.[2]

Rule 404(b) provides in relevant part:

**(b) Other Crimes, Wrongs, or Acts.**

**(1)** *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2)** *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

---

[1] The government, as the proponent of the text messages, must show by a preponderance of the evidence that the defendant made the statement. *See United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014) (holding that "the district court reasonably concluded that the prosecution had proven authorship by a preponderance of the evidence").

[2] At the hearing on August 3, 2023, defense counsel stated the cell phone information should be suppressed based on "the late hour in which it was provided." The government's counsel noted on the record at the hearing that the government made Ochoa's cell phone available for counsel on May 1, 2023, and Tooks' cell phone was produced on April 18, 2023. The Court does not see a basis to suppress the cell phone information based on the timing and denies that request.

Fed. R. Evid. 404(b). Four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143–44 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

### 1. Proper Purpose

The government offers the text messages for a proper purpose. *See* Fed. R. Evid. 404(b)(2). The government explains that it seeks to offer the text messages for the purpose of proving Mr. Tooks' intent, plan, knowledge, and absence of mistake or accident. Mr. Tooks is charged with Drug Conspiracy (Count 1) and Possession of Fentanyl with Intent to Distribute (Count 2), and aiding and abetting as to Count 2. The Tenth Circuit "has time and again held that past drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia,* that the defendant had the knowledge or intent necessary to commit the crimes charged." *United States v. Watson*, 766 F.3d 1219, 1237 (10th Cir. 2014) (collecting cases). *See also United States v. Cardinas Garcia*, 596 F.3d 788, 797–98 (10th Cir. 2010) (affirming the admission of 404(b) evidence consisting of an uncharged prior drug transaction to prove a defendant's specific intent to distribute drugs underlying the charged offense). Here, evidence of prior drug trafficking by Mr. Tooks may be offered for the proper purposes offered by the government to show intent, plan, knowledge, and absence of mistake or accident.

**2. Relevance**

The text messages are relevant. "To determine relevance under Rule 404(b)," the Tenth Circuit has explained that courts "must examine factors such as the similarity of the uncharged act to the charged conduct and the temporal proximity of the two acts." *Cardinas Garcia*, 596 F.3d at 797–98. Mr. Tooks argues that the evidence of alleged prior drug trafficking is too dissimilar to the charged conduct due to differences in location (California vs. Oklahoma), methods of distribution (cell phone vs. vehicle), and time (between one to four months prior to the charged conduct). Defendant also argues that there is no evidence the alleged substances referenced in the text messages include illicit substances. The government contends that Mr. Tooks' prior drug trafficking is similar to the charged conduct because, as the text messages show, "in the months before being arrested in Oklahoma traveling in tandem with a car carrying a substantial amount of fentanyl-laced tablets, Tooks was involved in activity consistent with the large-scale distribution of illicit pills in California." Notice at 3.

The Court agrees with the government that the alleged uncharged prior drug trafficking is similar to the charged conduct here, particularly due to the temporal proximity of the two and the similarity of the alleged conduct, in that Tooks allegedly distributed or sought to distribute illicit pills in both. *Cf. United States v. Benford*, No. CR-14-321-D, 2015 WL 631089, at *2–3 (W.D. Okla. Feb. 12, 2015) (explaining that text messages sent approximately three months before the defendant's arrest on the crime charged are "certainly not remote in time" and admitting them under Rule 404(b) to show the defendant's knowledge). The text messages are therefore relevant.

4

### 3. Rule 403 Balancing and Limiting Instruction

The probative value of the text messages is not substantially outweighed by its potential for unfair prejudice under Rule 403. Whether Mr. Tooks had the requisite intent and knowledge, and whether he conspired with others, possessed with intent to distribute, or aided and abetted, to commit the crimes charged will be central issues in this case. The text messages are probative of the purposes offered by the government—Mr. Tooks' intent, plan, knowledge, and absence of mistake or accident—and their probative value is not substantially outweighed by the danger that they will improperly affect the jury's consideration of the issues. Moreover, any potential for unfair prejudice can be effectively mitigated by a limiting instruction. *Cf. United States v. Hutchinson*, 573 F.3d 1011, 1030 (10th Cir. 2009) (holding that, where evidence admissible for a certain purpose may "create the risk of an unfair trial[,] . . . such prejudice can usually be cured by limiting instructions to the jury").

The Court, thus, finds Mr. Tooks' objection to admission of the text messages under Rule 404(b) should be OVERRULED. Any proposed limiting instruction should be submitted by **Tuesday, August 8, 2023, at 12:00 p.m.**

IT IS SO ORDERED this 7th day of August 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE