IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL OCHOA and )<br>KEVIN EARL TOOKS, )<br>)<br>    Defendants. ) | Case No. CR-22-00239-JD |

## ORDER

Before the Court is Defendants Daniel Ochoa and Kevin Earl Tooks' Joint Daubert Motion ("Motion") [Doc. No. 211]. Defendants request that the Court exclude the proposed expert testimony of three witnesses the government intends to call at trial: Drug Enforcement Administration ("DEA") Forensic Chemist Julia Mejia and Oklahoma Highway Patrol ("OHP") Troopers Brady Webb and Michael Eckhardt. As required by Federal Rule of Criminal Procedure 16, the government filed a Notice of Expert Witness for each of these three witnesses. [Doc. Nos. 188, 193, and 199]. The government also responded in opposition to the Motion. [Doc. No. 220].

## BACKGROUND

Defendants Daniel Ochoa and Kevin Earl Tooks are charged, along with two other co-defendants, in a two-count Indictment [Doc. No. 34] with Drug Conspiracy in violation of 21 U.S.C. § 846 and Possession of Fentanyl with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). In connection with Count 2, the Indictment also alleges the aiding and abetting statute, 18 U.S.C. § 2.

At trial, the government intends to elicit expert testimony from Ms. Mejia, the DEA forensic chemist who performed analysis on the narcotics allegedly possessed by Defendants, and from Troopers Webb and Eckhardt, who were involved in the traffic stops by which the narcotics were ultimately discovered and seized.

Defendants request that Ms. Mejia's expert testimony be excluded, but the Motion merely references her name. It makes no challenge to her qualifications, analysis of the narcotics, or opinions and conclusions.[1]

As for the troopers, Defendants argue that they are lay witnesses who are not qualified to offer expert opinions and that since their "proposed testimony is not within the realm of scientific evidence," a hearing is necessary to determine whether the troopers' proposed testimony is reliable and relevant. Motion at 5. The government's Notices for the troopers do not provide the troopers' proposed opinions themselves. Rather, the Notices list the general and specific topics of expert testimony the troopers may offer at trial.

Defendants also request that the Court exclude any expert testimony that is not included in the government's Notices under Federal Rule of Criminal Procedure 16 and any expert testimony offering interpretation of the meaning of ambiguous language used in intercepted telephone calls and text messages.[2]

---

[1] Ms. Mejia's Lab Report was submitted with the government's response in opposition to Defendants' motion to dismiss as an exhibit. [Doc. No. 184-3].

[2] The government's Response provides no position on these matters. The Court ordered the parties to be prepared the address these arguments at the hearing on August 7, 2023, at 9:00 a.m. *See* [Doc. No. 231] ¶ 4.

The Court finds sufficient information in the record to issue a ruling on Defendants' perfunctory challenge to Ms. Mejia's expert testimony and to adequately perform the Court's gatekeeping role under Federal Rule of Evidence 702 and related case law. But since there is inadequate information regarding what the troopers will testify to at trial, the Court will reserve ruling on all other aspects of the Motion pending the hearing.

## **LEGAL STANDARD**

Courts have broad discretion in determining the admissibility of expert testimony, *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997), and in deciding "how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). Federal Rule of Evidence 702 and the Supreme Court's opinions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) govern the admissibility of expert testimony. *See James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1215 n.1 (10th Cir. 2011) ("If expert testimony is not reliable under *Daubert/Kumho Tire*, it is not admissible under Rule 702 . . . ."). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In deciding the admissibility of expert testimony, the court must determine whether the expert is proposing to testify to scientific or other specialized knowledge that will assist the trier of fact in understanding or determining a fact in issue. *Daubert*, 509 U.S. at 592. The court first determines whether the proposed expert "is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702).

The question before the court in determining expert qualification is "specific, not general." *Kumho Tire*, 526 U.S. at 156. The trial court must decide "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors 'in deciding the particular issues in the case.'" *Id.* (citation omitted). An "expert's qualifications must be both (i) adequate in a general, qualitative sense (*i.e.*, 'knowledge, skill, experience, training or education' as required by Rule 702) and (ii) specific to the matters he proposes to address as an expert." *Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1093 (W.D. Okla. 2009).

After determining an expert's qualification, the Court must next "determine if the expert's proffered testimony—whether it concerns scientific, technical, or other special knowledge—has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232–33 (10th Cir. 2005)

4

(quoting *Daubert*, 509 U.S. at 592). Proposed expert testimony must also be "sufficiently 'relevant to the task at hand.'" *Id.* at 1234 (quoting *Daubert*, 509 U.S. at 597). "An essential component of the relevance evaluation is the determination of whether the proposed expert testimony fits the issues in the case." *Graves*, 675 F. Supp. 2d at 1091.

The Supreme Court in *Daubert* provided four non-exhaustive factors that a trial court may consider in making its reliability assessment: (1) whether the expert's technique or theory can be and has been tested; (2) whether the theory has been subjected to peer review or publication; (3) whether the technique has a known or potential rate of error and whether there are standards controlling the technique's operation; and (4) whether the theory has been generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 592–94; *Kumho Tire*, 526 U.S. at 149–50. "The *Daubert* factors are 'meant to be helpful, not definitive,' and not all of the factors will be pertinent in every case." *United States v. Baines*, 573 F.3d 979, 992 (10th Cir. 2009) (quoting *Kumho Tire*, 526 U.S. at 150–51). "Where an expert testifies based on experience, the tribunal reviews the reliability of the testimony with reference to 'the nature of the issue, the expert's particular expertise, and the subject of [the] testimony.'" *F & H Coatings, LLC v. Acosta*, 900 F.3d 1214, 1222 (10th Cir. 2018) (quoting *Kumho Tire*, 526 U.S. at 148–50).

When proposed expert testimony is challenged under Rule 702, the proponent of the testimony bears the burden of showing the testimony is admissible by a preponderance of the evidence. *Nacchio*, 555 F.3d at 1251 ("[T]he admissibility of all expert testimony is governed by the principles of [Fed. R. Evid.] 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements

5

are met by a preponderance of the evidence.") (quoting Fed. R. Evid. 702 advisory committee's note (2000)).

## DISCUSSION

As stated, the record is insufficient to perform the Court's gatekeeping role under Rule 702 and *Daubert* and its progeny as to Troopers Webb and Eckhardt. The Court will thus review only the cursory challenge to Ms. Mejia's testimony by this Order.

While Defendants request in the Motion that Ms. Mejia's expert testimony be excluded, they make no specific objection or argument relating to her qualifications or the methodology or relevance of Ms. Mejia's proposed opinion testimony.[3]

As for these matters, the Court is not required to make detailed, or even explicit, findings. *See United States v. Avitia-Guillen*, 680 F.3d 1253, 1260 (10th Cir. 2012) ("When a party fails to object to an expert's methodology, the district court need not make explicit findings."); *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 n.2 (10th Cir. 2000). The Court, nevertheless, will fully and fairly perform its role as gatekeeper of the expert testimony proposed by the government.

The government's Notice of Expert Witness for Ms. Mejia [Doc. No. 188] includes a summary of her proposed testimony and her curriculum vitae. Ms. Mejia holds a Bachelor of Arts in Chemistry and is a Senior Forensic Chemist for the DEA. [Doc. No. 188-2] at 1–2. She has six years of experience working as a forensic chemist for the DEA

---

[3] Rather than providing discussion of Ms. Mejia's proposed testimony, the Motion merely lists Ms. Mejia's name four separate times. Defendants' Omnibus Motion in Limine also do not reference Ms. Mejia.

6

and over eleven years in total as a forensic chemist, forensic scientist, or chemist, experience which has included qualitative and quantitative "chemical analysis on exhibits submitted for substance identification." *Id.* at 2. She has also qualified and testified as an expert witness numerous times in federal courts. *See id.* at 1.

Ms. Mejia analyzed the drugs allegedly possessed by Defendants. She explains in her summary that she will testify regarding her analysis, which she conducted in a manner and process consistent with "the publicly available Analysis of Drugs Manual (ADM) and Laboratory Operations Manual (LOM)," which are both published by the DEA Office of Forensic Sciences.[4] [Doc. No. 188-1] at 1. Ms. Mejia further explains that the "analytical methods" she used in her testing of the narcotics "are validated and verified according to [the DEA's] assurance policy to ensure the methods are reliable and fit-for-purpose and the techniques utilized are widely accepted and employed in the scientific community." *Id.* at 2.

As previously stated, Defendants do not lodge any objection to Ms. Mejia's qualifications or methodology, and they do not contend that her testimony would be irrelevant to the issues at trial. Upon review of Ms. Mejia's curriculum vitae, summary of testimony, and Lab Report, the Court finds that she is qualified to offer the expert testimony summarized in the government's Notice [Doc. No. 188], which is the product of reliable principles reliably applied and is relevant to issues in this matter.

---

[4] These are available at https://www.dea.gov/resources/documents?f%5B0%5D=publication_type%3A2596.

## CONCLUSION

For these reasons, the Court DENIES Defendants Daniel Ochoa and Kevin Earl Tooks' Joint Daubert Motion [Doc. No. 211] as it relates to DEA Forensic Chemist Julia Mejia and RESERVES ruling on the Motion as it relates to OHP Troopers Brady Webb and Michael Eckhardt and other arguments raised therein pending the *Daubert* hearing set for Monday, August 7, 2023, at 9:00 a.m. At the pretrial conference on August 3, 2023, Defendants Ochoa and Tooks waived their right to appear at the *Daubert* hearing with no objection by the government.

IT IS SO ORDERED this 7th day of August 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE