IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL OCHOA and ) <br> KEVIN EARL TOOKS, ) <br> ) <br> Defendants. ) | Case No. CR-22-00239-JD |

## ORDER

Before the Court is Defendants Daniel Ochoa and Kevin Earl Tooks' (collectively, "Defendants") Amended Joint Omnibus Motion in Limine ("Motion") [Doc. No. 217]. The government filed a timely Response. [Doc. No. 219]. Upon consideration of the parties' arguments and the legal standards, the Court issues this Order.

## BACKGROUND

Defendants are charged, along with two other co-defendants, in a two-count Indictment [Doc. No. 34] with Drug Conspiracy in violation of 21 U.S.C. § 846 and Possession of Fentanyl with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). In connection with Count 2, the Indictment also alleges the aiding and abetting statute, 18 U.S.C. § 2.

The charges stem from two traffic stops on Interstate 40 in Beckham County, Oklahoma on the evening of May 17, 2022. Oklahoma Highway Patrol Trooper Brady Webb stopped a vehicle driven by one of Defendants' alleged co-conspirators; the other alleged co-conspirator was a passenger. Almost immediately thereafter, a different

trooper, Michael Eckhardt, stopped a vehicle driven by Daniel Ochoa, who was accompanied by Kevin Tooks.

## STANDARD OF DECISION

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (cleaned up). A ruling *in limine* is preliminary or advisory in nature, and the court "may change its ruling at any time for whatever reason it deems appropriate." *Id.* If a motion is denied, it does not follow that the evidence is admissible; rather, denial of the motion means only that the court cannot determine, outside the context of trial, whether the evidence in question is admissible. *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000).

A party seeking to exclude evidence from trial has the burden of demonstrating that the evidence is inadmissible. *Id*. In general, and unless prohibited by the United States Constitution, a federal statute, or the Federal Rules of Evidence, evidence is admissible if it is relevant. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Additionally, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or if it adversely affects the jury's attitude toward the defendant apart from its judgment as to the innocence or guilt of the charged crime. *United States v. Rodriquez*, 192 F.3d 946, 951 (10th Cir. 1999) (citation omitted).

## DISCUSSION

### A. Defendants' requests that are not opposed by the government are granted.

Defendants request that the Court prevent the government from stating or eliciting testimony from witnesses referring to any person or community as the victim or to any emotional impact of the alleged offenses. They also request that the Court prevent the government from identifying itself as "representing the people of the United States." [Doc. No. 217] at 15. The government does not oppose these requests. Therefore, the Court GRANTS these requests in the Defendants' Motion.

### B. Defendants have not shown how the Rule of Completeness, the Best Evidence Rule, or Federal Rule of Evidence 403 ought to apply to audio and video recordings, text messages, social media, and other electronic communications.

Defendants generally request that the Court exclude audio and video recordings, as well as text messages, social media, and other electronic communications, on the basis that the government will not be offering the original or complete versions of the evidence.[1] They also argue that this evidence is unfairly prejudicial. Defendants,

---

[1] Defendants state that a hearing is required for the Court to listen to the recordings and determine their admissibility. But they cite no authority for why a pretrial hearing is required, and the Tenth Circuit has explained that in camera review of

3

however, do not point to any evidence in particular that would violate the Best Evidence Rule, would be incomplete if offered at trial, or for which the probative value would be substantially outweighed by unfair prejudice. Defendants state they anticipate that the government will offer photographs of text messages rather than printouts of the original text messages.

The government explains that it will not be offering any photographs or screen shots of text messages at trial. Instead, the government will offer the messages in the form of printouts or copies of the data extracted from the cell phones.

The Rule of Completeness, as set forth in Federal Rule of Evidence 106, provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." "[U]nder this rule the opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *United States v. Phillips*, 543 F.3d 1197, 1203 (10th Cir. 2008) (citation omitted).

The Best Evidence Rule, as set forth in Federal Rule of Evidence 1002, provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Duplicates are

---

recordings prior to trial is not necessary. *United States v. Hanif*, 1 F.3d 998, 1002 (10th Cir. 1993) ("The district court has broad discretion in controlling the conduct of a trial, which includes broad discretion in determining under Rule 103[(d)] whether it is practicable to view evidence for admissibility outside the presence of the jury.").

admissible under the rules that follow, and the government argues that its evidence would meet these rules. Again, the Court has before it no evidence to test against these rules.

Finally, Defendants cursorily state that any text message or recording should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or other dangers identified in Federal Rule of Evidence 403.

What is important for application of each of these rules is context, but the Motion, at least as to these requests, provides little. Thus, the Court DENIES the request to exclude audio and video recordings, as well as text messages, social media, and other electronic communications for these reasons without prejudice to appropriate contemporaneous objections at trial.

### C. A defendant's statements are admissible against that defendant under Federal Rule of Evidence 801(d)(2)(A).

Along with the objections to the recordings and text messages based on the above rules, Defendants argue that recordings and text messages consisting of their statements are inadmissible hearsay. Again, no evidence was provided with the Motion for the Court to test against the rules of evidence. As for the text messages, the government explains that all the messages it anticipates offering at trial involve either Mr. Ochoa or Mr. Tooks. Under Rule 801(d)(2)(A), a statement is not hearsay if it is offered against the party who made the statement. Of course, the government must lay the proper foundation regarding the statements offered under Rule 801(d)(2)(A). Particularly, the government must show by a preponderance of the evidence that Mr. Ochoa or Mr. Tooks made the offered statement. *See United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014).

And the Court agrees that to the extent that any message in the text message chain is offered for context, and not for its truth, it is not hearsay under Rule 801(c)(2). *See United States v. Benford*, No. CR-14-321-D, 2015 WL 631089, at *4 n.7 (W.D. Okla. Feb. 12, 2015). It remains to be shown by the government that context is a viable purpose for admission of any particular statement.

The Court DENIES the hearsay objection in Defendants' Motion without prejudice to reassertion at trial by contemporaneous objection.

### D. The Court lacks adequate context to rule on Defendants' request to exclude any reference to them as drug dealers.

Defendants ask the Court to exclude any testimony offered by a government witness that Defendants were drug dealers, and they cite a case dealing with improper character evidence offered by the prosecution through its own witness. At this time, the Court is not able to make a generalized ruling precluding reference to Defendants as drug dealers. This is another issue that requires greater context, and the Court DENIES Defendants' request without prejudice to reassertion at trial, if necessary. The government explains that it "does not anticipate offering improper character evidence," [Doc. No. 219] at 8, and the Court implores the government to remain vigilant in avoiding eliciting improper character evidence on this or any other topic.

### E. Requests concerning Troopers Michael Eckhardt and Brady Webb and any other law enforcement witnesses.

Defendants request that the Court limit the testimony of Troopers Michael Eckhardt and Brady Webb in several regards, including by:

- precluding them from offering testimony for the foundation of recording and text messages that ventures into explaining the process of obtaining search warrants;
- preventing them from testifying both as fact witnesses and expert witnesses;
- excluding any testimony regarding the patterns and practices of drug traffickers;
- precluding testimony that the quantity of drugs seized was for distribution purposes and not personal use; and
- excluding their testimony regarding their observation of Defendants' personal drug use and demeanor during the traffic stops.

To start, the government does not respond to Defendants' request to limit foundational testimony relating to evidence recovered upon execution of search warrants. Defendants specifically request that the government be precluded from eliciting testimony from the troopers and other witnesses regarding "the burdens of proof necessary to obtain a search warrant." [Doc. No. 217] at 9. As a general matter, how the government obtained certain evidence, for instance downloading cell phone data to obtain cell phone records and other electronic evidence, may be relevant to laying foundation for the evidence. But the Court agrees with Defendants that the probative value of testimony regarding the process and legal determinations required to obtain warrants to search for and seize evidence is substantially outweighed by dangers of unfair prejudice and confusing the issues. For these reasons, and given the government's apparent non-opposition, this request (i.e., to preclude, as a general, and not foundational, matter,

7

testimony about the legal process and legal determinations required to obtain search warrants) is GRANTED.

Next, as stated in the Court's ruling on the *Daubert* challenges to the proposed expert testimony of Troopers Eckhardt and Webb, the troopers may offer both fact testimony regarding their personal involvement and knowledge of facts in this case and expert testimony under Rule 702 regarding drug trafficking practices and the significance of drug quantities possessed. *See United States v. Draine*, 26 F.4th 1178, 1187 (10th Cir. 2022) (quoting Fed. R. Evid. 701 advisory committee notes to 2000 amendments) ("The same officer may 'provide both lay and expert testimony in a single case.'"); *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1259 (10th Cir. 2020) ("Although a law-enforcement officer's testimony based on knowledge derived from the investigation of the case at hand is typically regarded as lay testimony, opinion testimony premised on the officer's professional experience as a whole is expert testimony.").

Further, the Tenth Circuit has "noted in several possession with intent to distribute cases that an expert's testimony with regard to the significance of a quantity of drugs possessed is specialized knowledge that assists the jury in understanding a fact at issue." *United States v. Mundy*, 97 F. App'x 844, 846 (10th Cir. 2004) (unpublished). Thus, given the proper foundation, the troopers will be able to offer testimony whether the quantity of drugs seized here would indicate to law enforcement that they were possessed for personal use or for distribution. Therefore, the objections to any expert testimony by Troopers Eckhardt and Webb asserted in the Motion are DENIED.

And as for any evidence of drugs possessed by Defendants for personal use, relevance depends, once again, on context. Defendants' personal use of marijuana is a fact central to how Trooper Eckhardt decided to conduct his traffic stop. In the context of the traffic stop, personal drug use is relevant, and the request to exclude such evidence is DENIED. Other evidence of personal drug use by Defendants may not be admissible, but it has not been presented to the Court at this point. Therefore, as for any other such evidence, the request is DENIED without prejudice to reassertion by contemporaneous objection at trial.

Similar to evidence of personal drug use in the context of the traffic stop, testimony by the troopers of Defendants' demeanor during the traffic stop may be relevant here to issues relating to Defendants' knowledge of the presence of narcotics in the other vehicle. *See United States v. Lazcano-Villalobos*, 175 F.3d 838, 844 (10th Cir. 1999); *United States v. Cui Qin Zhang*, 458 F.3d 1126, 1128 (10th Cir. 2006); *United States v. Chavarria*, 202 F. App'x 310, 314 (10th Cir. 2006) (unpublished); *United States v. Siyam*, 325 F. App'x 675, 681 (10th Cir. 2009) (unpublished). Therefore, the request to exclude testimony regarding Defendants' demeanor during the traffic stop is DENIED.

### F. Defendants have not shown that computer-generated documents are inadmissible.

Defendants object to admission of computer-generated documents "because they would mislead the jury and confuse them, would be inadmissible hearsay, and would lack trustworthiness because they were produced in response to a subpoena from the government, i.e., for litigation purposes." [Doc. No. 217] at 15. Apart from the fact that

they are computer-generated, Defendants provide no description of the documents this request concerns, nor do they explain how any document would mislead the jury or constitute hearsay. The request lacks specificity and will be DENIED without prejudice to reassertion by contemporaneous objection at trial.

## CONCLUSION

As set forth herein, the Court GRANTS in part and DENIES in part Defendants Daniel Ochoa and Kevin Earl Tooks' Amended Joint Omnibus Motion in Limine [Doc. No. 217]. The Court directs counsel for the parties to alert witnesses to the Court's preliminary rulings.

IT IS SO ORDERED this 7th day of August 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE