IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00239-JD-003 |
| ) | |
| DANIEL OCHOA, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant Daniel Ochoa's Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 ("Motion"). [Doc. No. 392]. The Motion requests a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. The United States responded in opposition asserting that Mr. Ochoa "is neither eligible for a reduction in sentence as a zero-point offender or a status-point offender." [Doc. No. 394 at 1]. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 395], likewise asserting that Mr. Ochoa is ineligible for sentencing relief. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction because Mr. Ochoa is not eligible for a sentence reduction under § 3582(c)(2).

## I.    BACKGROUND

On August 8, 2023, Mr. Ochoa entered a plea of guilty to a one-count Superseding Information charging him with drug conspiracy, in violation of 21 U.S.C. § 846. [Doc.

Nos. 253, 255–260]. On November 15, 2023, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 294]. The PSR calculated a base offense level of 34. PSR ¶ 25. The PSR applied a two-level enhancement because Mr. Ochoa obstructed justice, resulting in an adjusted offense level of 36. *Id.* ¶¶ 29, 30. After applying the two-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 34. *Id.* ¶¶ 32–33. The PSR calculated a total criminal history score of four for Mr. Ochoa, placing him in a criminal history category of III. *Id.* ¶ 41. Mr. Ochoa did not receive any "status points" for committing the offense while under a criminal justice sentence. Based on a total offense level of 34 and a criminal history category of III, Mr. Ochoa's advisory guideline range for imprisonment was 188 months to 235 months. *Id.* ¶ 64.

Mr. Ochoa submitted various objections to the PSR, including challenges to the calculation of his criminal history score, the application of the obstruction-of-justice enhancement, and the failure to apply a mitigating role adjustment for minimal participation. *See id.* at Addendum. The Court overruled Mr. Ochoa's objections and adopted the PSR without change. [Doc. No. 332 at 1]. The Court sentenced Mr. Ochoa to a term of imprisonment of 218 months. Judgment at 2 [Doc. No. 331 at 2]. Mr. Ochoa now asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1.

II.  **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709

(10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "is warranted in whole or in part" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the

second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

Here, Mr. Ochoa seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Part B creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all 10 of the listed criteria. *See* USSG § 4C1.1(a).

As set forth above, Mr. Ochoa had four criminal history points and did not receive any status points for committing the offense while under a criminal justice sentence. Thus, a sentence reduction is not authorized under either Part A or Part B of Amendment 821 and 18 U.S.C. § 3582(c)(2).[1]

---

[1] Mr. Ochoa was sentenced after November 1, 2023, the effective date of Amendment 821.

Accordingly, because no reduction is authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Ochoa's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. CONCLUSION

Defendant Daniel Ochoa's Motion for Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 [Doc. No. 392] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 12th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE